IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GURKIRAT SINGH, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) Case Number: 4:15-cv-00344-MHH-JHE |
| | ) |
| SCOTT HASSELL. et al., | ) |
| | ) |
|    Respondents. | ) |

**MEMORANDUM OPINION**

On February 26, 2015, petitioner Gurkirat Singh ("Singh") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Mr. Singh, a native of India, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Mr. Singh alleged that he was being illegally detained by ICE pending his deportation to India. On April 27, 2015, Mr. Singh was deported from the United States. (Doc. 7, 7-1). Respondents have filed a motion to dismiss the action as moot because Mr. Singh no longer is in ICE custody. (Doc. 7). The motion is well-taken.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Mr. Singh's deportation and release from ICE custody rendered his petition moot.

There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Singh challenges. *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559. The exception for events "capable of repetition, yet evading review" does not apply here either. Mr. Singh has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief that the court can grant to Mr. Singh, his petition is moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 7), is **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this May 14, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE